Case 2:19-cv-00304   Document 24   Filed on 11/02/20 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MICHAEL DEAN PERRY, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-304 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondent's Motion for Summary Judgment (D.E. 11). On June 22, 2020, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (D.E. 18), recommending that Respondent's motion be granted, that Petitioner's § 2254 petition be denied, and that a Certificate of Appealability be denied. Petitioner timely filed his objections. D.E. 23.

Petitioner filed this habeas action complaining of the way in which certain personnel in the prison brought and handled a disciplinary case against him. He also complained of alleged theft of his personal belongings and other alleged violations of his constitutional rights related to the conditions of his confinement. The Magistrate Judge concluded that, contrary to the requirements for habeas corpus relief that focus on the fact or duration of confinement, Petitioner had not demonstrated a violation of any protected liberty interest. The disciplinary punishments did not rise to that level and the other complaints were improper in the context of habeas. The Magistrate Judge noted that

Petitioner could file a civil rights action under 42 U.S.C. § 1983 if he desired to pursue his conditions-of-confinement constitutional claims.

Petitioner's objections are largely addressed to the merits of his complaints, including his conditions-of-confinement claims. Because he has not demonstrated that those claims are appropriate in this habeas corpus action, the Court **OVERRULES** those objections as moot.

Petitioner's only objection to touch on the operative conclusion—that he does not have a protected liberty interest to support his habeas action—is based on *Todaro v. Bowman*, 872 F.2d 43 (3rd Cir. 1989) and *Gilbert v Frazier*, 931 F.2d 1581 (7th Cir. 1991). D.E. 23, pp. 9-11. He claims that these cases held that the due process owed in disciplinary proceedings is mandatory and, regardless of what sanctions are imposed, deprivation of that due process is, itself, the deprivation of a liberty interest. *Todaro* and *Gilbert* are not helpful here for two reasons.

First, they are § 1983 civil rights cases and make no mention of habeas corpus or the type of liberty interests necessary for such a case. They were concerned only with conditions of confinement. Second, their conclusions regarding the effect of the rules of the prison disciplinary procedure are specific to those that apply in Pennsylvania and Illinois, respectively. Indeed, even in Pennsylvania, classification decisions are sufficiently discretionary that they do not support a liberty interest. *Todaro,* 872 F.2d at 48.

In Texas, only those sanctions resulting in the loss of good-time credits by inmates eligible for release on mandatory supervision or otherwise directly and adversely

affecting release on mandatory supervision will result in an imposition on a protected liberty interest sufficient to support habeas corpus relief. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). Sanctions that are mere changes in the conditions of the inmate's confinement do not implicate due process concerns for habeas corpus purposes. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997). Petitioner's objection is **OVERRULED**.

Petitioner also objects that the recommendation to deny a certificate of appealability is an improper advanced ruling on the merits of his prospective appeal, citing *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). *Buck* does not apply. The Court does not adjudicate the merits of Petitioner's claims or deny a certificate of appealability on the basis of the strength of those claims. Rather, the certificate of appealability denial is based on the failure to state an injury subject to a habeas corpus action. This analysis is well-settled and compels a denial of a certificate of appealability. The objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's motion for summary

judgment (D.E. 11) is **GRANTED** and Petitioner's § 2254 petition is **DENIED**. In addition, any request for a Certificate of Appealability is **DENIED**.

ORDERED this 2nd day of November, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE